IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

GRACE MAES,

      Plaintiff,

v.                                       No. CIV 01-94 BB/JHG

CALVIN HYER, JR., individually and as Vice President of Hyer Hollowwa & Artley, a professional corporation, J. KERWIN HOLLOWWA, individually and as President of Hyer Hollowwa & Artley, a professional corporation, JAMES A. ARTLEY, individually and as Vice President of Hyer Hollowwa & Artley, a professional corporation, and CHARLES C. SPANN, individually and d/b/a Charles C. Spann, P.A., as President of Spann Hyer Hollowwa & Artley, a professional corporation,

      Defendants.

## MEMORANDUM OPINION
### AND
## ORDER DISMISSING ALL DEFENDANTS EXCEPT HYER

**THIS MATTER** is before the Court on Defendants' motion to dismiss as to all Defendants. The Court having considered the brief of Defendants[1] and oral argument on November 14, 2001, finds the motion is supported and will be Granted as to all

---

[1] Plaintiff failed to respond to Defendants' motion.

Defendants but Calvin Hyer, Jr. As to Defendant Hyer, the motion will be Denied but Plaintiff is required to pay Defendants' cost and attorney's fees necessitated by Plaintiff's failure to timely serve Defendant and resulting motion.

*Discussion*

Plaintiff filed her Complaint for Actual and Statutory Damages against all of the Defendants on January 25, 2001. Plaintiff's counsel, Mr. Quintana, forwarded a courtesy copy of Plaintiff's complaint to Calvin Hyer, Jr. ("Hyer"), who specifically informed Mr. Quintana that he would not accept service of process in this matter either for himself individually or for any of the other Defendants and that Mr. Quintana would need to personally serve each of the Defendants. At a state court hearing on July 6, 2000, Mr. Quintana handed Mr. Hyer three copies of the complaint and said "consider yourself served."

Defendants challenged service on three grounds: (1) Mr. Hyer is not the registered agent for or authorized to accept service for any of the other entities; (2) under D.N.M. LR-Civ 1.5 "party" is defined as "a party or attorney representing the party," and Federal Rule of Civil Procedure 4(c)(2)(A) provides a summons may be properly "served by any person <u>who is not a party</u> and is not less than 18 years of age" (emphasis added); and (3) Federal Rule of Civil Procedure 4(j) requires service within 120 days after the filing of the complaint. After oral argument, the Court granted the motion as to all Defendants but Hyer. *See Santos v. State Farm Fire & Cas. Co.*, 902

F.2d 1092 (2d Cir. 1990); *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F. Supp. 1223 (E.D. Wis. 1993).

The Court does not accept the Defendants' argument that service by Mr. Quintana is invalid since he is an attorney and the D.N.M. LR-Civ 1.5 defines a party to include his attorney. This section of Local Rule 1.5 specifically limits its definitions to "these rules." It is, therefore, not intended to transpose the local definitions into the Federal Rules of Civil Procedure. Nor could the local rules limit the scope of service allowed by Federal Rule of Civil Procedure 4. *Hart v. Bates*, 897 F. Supp. 710 (E.D.N.Y. 1995); *Perez v. City of Key West*, 823 F. Supp. 934 (M.D. Fla. 1993).

That leaves the timeliness of service as the only remaining legal basis for dismissal. Federal Rule 4(m) directs that service be completed within 120 days of filing the complaint. Rule 4(m) states that when a plaintiff fails to serve a defendant within the 120-day period, the court "shall dismiss the action without prejudice ... or direct that service be effected within a specified time." *Id.* The rule requires courts to undergo a two-part analysis. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

At oral argument Plaintiff's counsel stated he did not attempt service within 120 days as he was hoping to settle the present case along with the original state case involving defendant's attempt to foreclose Plaintiff's mortgage. Settlement negotiations even if dealing directly with the present action, would not constitute "good cause" under Rule 4(m). *Healthcare Compare Corp. v. Super Solutions Corp.*, 151 F.R.D. 114 (D.

Minn. 1993); *Sullivan v. Mitchell*, 151 F.R.D. 331 (N.D. Ill. 1993); *Vincent v. Reynolds Memorial Hosp.*, 141 F.R.D. 436 (N.D. W. Va. 1992).

It is, then, the discretionary prong of Rule 4(m) on which Plaintiff must cast her hope. In this regard, *Espinoza* provides guidance. Plaintiff therein filed suit against the Department of Veterans Affairs and two physicians for injuries allegedly received during medical treatment. Plaintiff, *pro se*, mailed a copy of his complaint to the Veterans Administration, but failed to effectuate proper service. The district court dismissed without prejudice. The Tenth Circuit agreed that plaintiff failed to demonstrate good cause, but remanded the case for consideration of whether a permissive extension was warranted. In considering this issue, the Tenth Circuit pointed out that not only was plaintiff *pro se*, but that he was faced with the complexity of serving multiple defendants including the United States. The *Espinoza* court also, however, directed the district court to consider the limitations period in deciding whether to exercise its discretion under Rule 4(m). The Tenth Circuit's language in *Espinoza* counsels against dismissal where the statute of limitations has run and defendant has suffered no demonstrable prejudice.

Plaintiff's counsel has, however, caused Defendants to unnecessarily spend time and resources filing and briefing this motion. Moreover, since Plaintiff failed to timely respond to the motion, the Court set the matter for hearing. Plaintiff will therefore be

4

required to pay Defendants' costs and attorney's fees related to this motion and the hearing.

**O R D E R**

For the above stated reasons, Defendants' motion to dismiss is Granted as to all Defendants but Calvin Hyer, Jr. Further, Plaintiff is required to pay Defendants' costs and attorney's fees related to this motion and the hearing.

Dated at Albuquerque this 3d day of December, 2001.

_____
**BRUCE D. BLACK**
**United States District Judge**

Counsel for Plaintiff:

Stephen R. Quintana, GLASS & QUINTANA, Albuquerque, NM

Counsel for Defendants:

Calvin Hyer, Jr., SPANN HYER HOLLOWWA & ARTLEY, Albuquerque, NM